UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH VAUGHN,

                    Petitioner,                  Case No. 2:15-cv-10092
                                                          Honorable Victoria A. Roberts

v.

J.A. TERRIS,

                    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 6] AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

      Petitioner Kenneth Vaughn is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan. Petitioner was convicted in the United States District Court for the Southern District of Ohio of 1) conspiracy to distribute in excess of 50 grams of cocaine and in excess of 100 grams of heroin and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1)–(b)(1)(A)–(B)–(C), 2) employment of persons under 18 years of age in drug operations in violation of 21 U.S.C. §§ 841(a)(1)–(b)(1)(C), 861(a)(1)–(b), and 3) use of a telecommunication device in commission of a felony in violation of 21 U.S.C. § 843(b)–(d)(1). The Court sentenced Petitioner to a 120-month term of imprisonment. Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' decision to preclude him from early release eligibility under 18 U.S.C. §3621(e) because he received a sentencing enhancement for possession of a firearm during his offense. Specifically, Petitioner asserts that the BOP practice at issue violates the Fair Sentencing Act of 2010. Before the Court is Respondent's motion to dismiss the petition on the grounds that Petitioner failed to exhaust his administrative remedies.

I. Background

According to the records attached to the petition and submitted by Respondent, on January 13, 2014, Petitioner was interviewed for the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP). Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons has the discretion to reduce an inmate's sentence by up to one year if he was convicted of a nonviolent offense and successfully completes RDAP. On January 29, 2014, however, the Designation and Sentence Computation Center legal staff determined that Petitioner was not eligible for the early release benefit under 18 U.S.C. § 3621(e), in part, because his current offense conviction involved a two-point enhancement for possession of a firearm. Despite the fact that participation will not reduce his sentence, Petitioner nevertheless began participating in the unit-based portion of the RDAP at FCI Milan on May 12, 2014.

Petitioner filed a request for administrative remedy at the institutional level on May 9, 2014, asserting the same legal claim he advances in this action. The request was denied by Respondent on July 1, 2014. Petitioner did not pursue his administrative remedies to the regional level.

II. Discussion

§ 2241 provides an avenue for federal prisoners to challenge official action affecting execution of a sentence. See *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition."). However,"[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The petitioner bears the burden of establishing exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Yet, "[a] prisoner's failure to exhaust available . . . administrative remedies

may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini*, 473 F.3d at 236.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP–9 Request to within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. See id. Appeal to the General Counsel is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In this case, Petitioner admits that he did not pursue exhaustion of his administrative remedies past the institutional level. Instead, he claims that he is not required to do so because it would be futile. As Respondent asserts, however, Petitioner raises a novel § 3621(e) eligibility issue by asserting that the BOP decision violates the Fair Sentencing Act. He cites no authority that the BOP had already considered and rejected this particular argument. The Court agrees with Respondent that BOP should first have an opportunity to review and address this issue before the Court has to make such a finding. "Exhaustion gives an agency an opportunity to correct its own

mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures." *Fazzini*, 473 F.3d at 231. Accordingly, the petition will be dismissed without prejudice.

### III. Order

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: June 8, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth Vaughn by electronic means or U.S. Mail on June 8, 2015.

s/Linda Vertriest  
Deputy Clerk

---